IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**FRANK EDWIN PATE,**

    **Petitioner,**

v.                                         Case No. 3:21cv595-MCR/MAF

**M.V. JOSEPH, WARDEN,**

    **Respondent.**

_____/

## **REPORT AND RECOMMENDATION ON REQUEST FOR INJUNCTION**

Frank Edwin Pate, a federal inmate proceeding pro se, has pending a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. By order on May 13, 2021, this Court directed Respondent to file an answer, motion, or other response to the petition on or before July 12, 2021. *See* ECF No. 7. Petitioner may file a reply, if any, by August 11, 2021. *See id*.

In the meantime, on or about May 25, 2021, Petitioner filed a "Request for Injunction." ECF No. 13. In this filing, Petitioner requests "an emergency injunction, due to health and safety-code violations." *Id*. at 1. In support of his request, Petitioner asserts staff at the Federal Prison Camp in Pensacola "ordered BOP inmates to screw closed all windows in Unit A, for reasons unknown." *Id*. He asserts "[t]his building has chronic mold problems, due to leaks in the roofs." *Id*. He asserts "[m]old is a known health hazard" and

"open windows is the ONLY way to remotely manage," so "with the lack of clean air (outside), the inmates in this facility are being treated inhumanely and cruelly." *Id*. at 2.  He requests an injunction, pursuant to Rule 65 of the Rules of Civil Procedure, "ordering the BOP to un-seal the windows in A unit, that fresh air be allowed back into the building, in an effort to abate the mold damage, being done to inmates forced to breath it, 24/7." *Id*.

This type of claim does not sound in habeas corpus, but in civil rights under 42 U.S.C. § 1983.  "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004). Challenges to the validity of confinement or to its duration are within the province of habeas corpus, whereas requests for relief relating to the conditions of confinement may be presented in a § 1983 action.  *Id*.; Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Petitioner has filed this motion in his habeas proceeding, but his claims relate to the conditions of his confinement, not the validity or duration of the confinement.

Because the claims for which Petitioner seeks relief in the motion are not the proper subject of or pertinent to the issues in a habeas proceeding, the request for injunctive relief should be denied without prejudice.  If

Case No. 3:21cv595-MCR/MAF

Petitioner desires to seek relief relative to the issues raised in his request for injunctive relief, he should do so by initiating a new case and filing a complaint pursuant to 42 U.S.C. § 1983.  Petitioner should be reminded that he must pay the entire filing fee at the time he initiates a civil rights case, should he desire to do so after exhausting administrative remedies, unless he otherwise qualifies for in forma pauperis status.

### Recommendation

It is therefore recommended that the "Request for Injunction," ECF No. 13, be **DENIED without prejudice** to bringing the claims concerning conditions of confinement in a § 1983 proceeding, and that the Clerk of Court be directed to provide Petitioner with a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2021.

          **S/ Martin A. Fitzpatrick**
          **MARTIN A. FITZPATRICK**
          **UNITED STATES MAGISTRATE JUDGE**