**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**FRANK EDWIN PATE,**

    **Petitioner,**

**v.**                                                                       **Case No. 3:21cv595-MCR/MAF**

**M.V. JOSEPH, WARDEN,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about April 1, 2021, Frank Edwin Pate, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting memorandum. ECF No. 1. By order on May 13, 2021, this Court directed Respondent to file an answer, motion, or other response to the petition on or before July 12, 2021, and allowed Petitioner until August 11, 2021, to file a reply, if any. ECF No. 7.

In the meantime, on or about May 25, 2021, Petitioner filed a "Request for Injunction." ECF No. 13. In a Report and Recommendation entered June 2, 2021, the undersigned recommended the injunction request be denied without prejudice to Petitioner bringing the claims concerning conditions of his confinement in a § 1983 proceeding. ECF No. 14. By order on June 29,

2021, the district judge adopted the Report and Recommendation and denied the request for injunction. ECF No. 19.

While that Report and Recommendation was pending, Pate filed a motion titled "Rule 65, Injunctive Relief." ECF No. 17. In this motion, Pate seeks "immediate injunctions" against Respondent for "A) mail interference(s); B) access to legal library daily; (2) hrs minimum; C) access to fresh air, free of mold, during day hours." Id. at 1; see id. at 6. On July 4, 2021, Respondent filed a response opposing this second request for an injunction. ECF No. 20. Pate filed "Objections to Defendants 6 July 21 Opposition Response." ECF No. 22.

As explained in the Report and Recommendation to deny Pate's previous injunction request, the types of claims Pate raises in his second injunction request do not sound in habeas corpus, but in civil rights under 42 U.S.C. § 1983. *See* ECF No. 14 at 2. Accordingly, as with his previous injunction, this second request should also be denied without prejudice to Pate raising such claims by filing a § 1983 complaint. *See id*. at 2-3.

Also while the previous injunction Report and Recommendation was pending, Respondent filed, on June 23, 2021, a motion to dismiss the habeas petition. ECF No. 18. In this motion, Respondent asserts that if Pate's petition, labeled as one under § 2241, is considered as such, then Pate has

not exhausted administrative remedies.  *Id*. at 7.  Further, Respondent asserts that, in his petition, Pate actually challenges his conviction and sentence, and such a challenge is properly brought pursuant to § 2255 in the district of conviction, which in this case is the Eastern District of Texas.  *Id*. at 1, 8.  Therefore, concludes Respondent, Pate's petition should be dismissed.  *Id*. at 10.

On or about June 30, 2021, Pate filed "Objections & Affidavit of Govt. Default."  ECF No. 21.  In this filing, Pate objects to Respondent's motion to dismiss, *id*. at 1-13, and also objects "to the purposeful 'construction' of a 28 USC 2241 'writ' of Habeas Corpus being deemed a 'motion under 2255,'" *id*. at 3.

Petitioner Pate then filed numerous motions.  ECF Nos. 23-28, 30, 32.  In particular, on or about July 12, 2021, he filed a "Motion for Hearing with Judicially Noticed Facts," ECF No. 23, in which he notes the Respondent's pending motion to dismiss and requests this Court take judicial notice of testimony and records from his trial, *id*. at 6-14.  He also requests an evidentiary hearing.  *Id*. at 14.

On or about July 19, 2021, Pate filed a "Motion for Judicial Notice," in which he references his "health concerns due to continual mold exposure."  ECF No. 24.  He requests the Court take judicial notice of Exhibit A, which

he attaches, and consists of a copy of an Informal Resolution Process form which indicates it was started July 11, 2021, and concluded July 16, 2021. *Id*. at 3. This filing appears related to Pate's claims that sound in civil rights, not habeas corpus, and, accordingly, his request therein should likewise be denied.

On or about July 21, 2021, Pate filed a "Motion for Summary Judgment per Rule 56." ECF No. 25. In this motion, Pate requests "this Court rule in his favor on the . . . issues presented in this habeas petition." *Id*. at 1. He cites Federal Civil Procedure Rule 56 and states "[t]his procedural device allows the speedy disposition of a controversy without the need for a trial or hearing." *Id*. He states his indictment "was (is) fatally flawed," he asserts "the sufficiency of the evidence also failed to be evident in the trial records," "the Grand Jury access was unlawful," a "search warrant was also issued in violation" of the Constitution, and "[t]he arrest warrant was also illegally issued." *Id*. at 2-3. As requested relief, Pate states, "All issues raised by the Petitioner are matters of law, of which judicial relief is due to him, so to resolve: His immediate release, under the Rule 56 Summary Judgment provisions, Article III of the United States of America Constitution, and the laws of Habeas Corpus, with all its equitable remedial rights, as supported

by the constitutional framework, and 28 USC 2241 et. seq. provisions." *Id*. at 14.

On or about July 26, 2021, Pate submitted a filing requesting the Court take "Judicial Notice of facts in Support of Rule 56 Request." ECF No. 26. A few days later, he submitted a filing requesting the Court take judicial notice of "Support Evidence for the Assistance of Rule 56 Relief," referencing documents from his underlying criminal case from the Eastern District of Texas. ECF No. 27. On or about August 1, 2021, Pate submitted a filing titled "Request for Judicial Notice," in which he requested the Court "take judicial notice of adjudicatory facts" from this underlying criminal case. ECF No. 28. On or about August 11, 2021, Petitioner submitted a filing entitled "Judicial Notice of Adjudicatory Facts." ECF No. 30. The Court will consider the filings in ECF Nos. 26, 27, and 30 as supplements to Pate's motion for summary judgment.

On August 12, 2021, Respondent filed a motion to stay. ECF No. 29. Respondent requests the "Court to enter its order staying Petitioner's Motion for Summary Judgment (Doc. 25) inasmuch as it will be moot if the court grants Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 18)." *Id*. at 1. If the Court denies the pending motion to dismiss, Respondent

requests an additional five days to file a response to Petitioner's summary judgment motion." *Id*. at 12.

On or about August 17, 2021, Pate filed "Objections & Response to Defendant's Motion to Stay (Doc #29)." ECF No. 31. He asserts Respondent has not followed the proper procedure, *id*. at 2-3, and he requests the Court deny Respondent's motion to stay "and all other relief asked for" by Respondent, *id*. at 9.

On or about August 20, 2021, Pate filed a "Motion for Judicially Noticeable Facts under Rule 201." ECF No. 32. In this motion, he presents two case citations "in support of his subject matter jurisdiction claim." *Id*. The Court will consider this, as well as Pate's request for judicial notice in ECF No. 23, as supplements to his pending § 2241 petition.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213.

Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28. *See id*. at 212–14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is

properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In the Eastern District of Texas, a jury convicted Petitioner Frank Edwin Pate of two counts of wire fraud and one count of mail fraud. *See* United States v. Pate, 799 F. App'x 296 (5th Cir. 2020). That court, in an amended judgment issued in May 2016, sentenced Pate to a total term of 168 months in prison, three years of supervised release, and $2,429.586.84 in restitution. *Id*. In the direct appeal, the Fifth Circuit granted the Government's motion to dismiss and dismissed the appeal on August 30, 2017, for want of prosecution. *Id*.; *see* United States v. Pate, No. 17-40657, 2017 WL 6501482 (5th Cir. Aug. 30, 2017).

In his § 2241 petition, Petitioner Pate has checked the box indicating he challenges his conviction. ECF No. 1 at 2. He indicates he has not filed a motion under 28 U.S.C. § 2255. *Id*. He explains that a remedy under § 2255 is inadequate or ineffective because it "does not offer remedy for a VOID judgment, on bad convictions." *Id*. As grounds, he asserts the following:

    (1) "U.S. Govt. lacked standing over subject matter" where the "Govt. failed to evidence proof of counts #1-3 (wire/mail fraud)" and "[s]ubsequently, jury found Petitioner 'guilty' of 'whole scheme to defraud'," and thus "judgments against Petitioner are not covered by statute." *Id*. at 3.

    (2) "U.S. Govt. lacked Article III standing over Petitioner," where the "Govt. lacked in any allegation or evidence of 'harm' to the U.S. Govt., by way of Petitioner's alleged criminal conduct(s)." *Id*.

    (3) "Fatally flawed indictment," where "Counts 1-3 failed to provide adequate factual allegations," and "subsequently, jury was misled and found 'guilty' of 'fraud scheme.'" Id. at 4. "Accordingly, judge issued relief illegally, with 'offense . . . ending of May 2014" showing evidence of 'whole scheme convictions.'" *Id*.

    (4) "Illegal Grand Jury access," where the "Grand Jury was accessed without the Govt having standing to sue" and "Article III powers were not lawfully evoked," as there was "no injury to the Govt's right to 'negotiate commerce.'" *Id*.

    (5) "Illegal search warrant (May 2014)," where the "Govt lacked injury" and "therefore Art. III judicial powers were not available to issue a warrant" and "all evidence gained was without legal authority." *Id*. at 5.

    (6) "Illegal arrest (w/out legal warrant)," where Pate was "[a]rrested by FBI/Phoenix PD w/out lawful arrest warrant," and because "arrest was bad," the orders issued upon release (to report to Texas) were unlawful." *Id*.

Pate thus challenges his conviction. A collateral attack on the validity of a federal conviction is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. *Accord*

McCarthan, 851 F.3d at 1089.  The Eastern District of Texas is the district of Pate's conviction.  *See* ECF No. 1 at 2.

Further, § 2255(e) bars a § 2241 petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"  28 U.S.C. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081.  The italicized language, known as the "saving clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.  McCarthan, 851 F.3d at 1081-82 ("'[S]aving[, not savings,] is the precise word' for 'a statutory provision exempting from coverage something that would otherwise be included' . . . ; it has nothing to do with saving a statute from unconstitutionality . . . .").  "The applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions."  Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).  A petitioner has the burden of demonstrating entitlement to proceed under the saving clause.  *Id.*; *accord* McCarthan, 851 F.3d at 1081.

In particular, in McCarthan, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086-87; see id. at 1079-80, 1096-99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)). The Eleventh Circuit has determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." Id. at 1092. The court explained that only a few circumstances exist where a § 2255 motion would prove inadequate or ineffective to test a petitioner's claim:

> The saving clause has meaning because not all claims can be remedied by section 2255. A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations. The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved. Or, as our sister circuit has held, perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner form filing a motion to vacate. "But only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"

Case No. 3:21cv595-MCR/MAF

*Id*. at 1092-93 (citations omitted).  Here, Petitioner Pate has not shown entitlement to proceed under the saving clause because his claims regarding his conviction are cognizable under § 2255.  Indeed, Respondent indicates that Pate currently has a pending § 2255 petition pending in the Eastern District of Texas, which was transferred there by the Middle District of Alabama.  ECF No. 18 at 7; ECF No. 29 at 8.

## Conclusion

Therefore, in this case, review under § 2241 is not available as Petitioner Pate challenges the validity of his conviction, properly brought under 28 U.S.C. § 2255 in the district of conviction, the Eastern District of Texas.  Further, Petitioner has not shown entitlement to review under the saving clause, to open the § 2241 portal.  Accordingly, Respondent's motion to dismiss should be granted and this § 2241 petition should be dismissed for lack of jurisdiction.

## Recommendation

It is therefore **RECOMMENDED**:

(1) Petitioner's "Rule 65, Injunctive Relief" motion (ECF No. 17) be **DENIED without prejudice** to raising such claims by filing a § 1983 complaint;

(2) Petitioner's "Motion for Hearing" (ECF No. 23) be **DENIED**;

(3) Petitioner's "Motion for Judicial Notice" (ECF No. 24) be **DENIED**;

(4) Petitioner's "Motion for Summary Judgment per Rule 56" (ECF No. 25) be **DENIED**.

(5) Petitioner's request for "Judicially Noticed Facts" (ECF No. 23) and "Motion for Judicially Noticeable Facts under Rule 201" (ECF No. 32) be **GRANTED** insofar as the Court has considered the information as supplements to the pending § 2241 petition.

(6) Respondent's motion to dismiss (ECF No. 18) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

(7) Respondent's motion to stay (ECF No. 29) be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on August 30, 2021.

                **S/ Martin A. Fitzpatrick**
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**